## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Camilla Perez                  :
5592 Ranchwood Dr.       :
Columbus, OH 43228       :
                           :
       Individually and on behalf of other :
       members of the general public    :    Civil Action No. 2:15-cv-2636
       similarly situated,           :
                           :    JUDGE
                 Plaintiff,    :
                           :    MAGISTRATE
vs.                                :
                           :
Central Ohio Gaming Ventures, LLC    :
200 Georgesville Road       :    **Collective and Class Action Complaint**
Columbus, Ohio 43228       :    **Jury Demand Endorsed Hereon**
                           :
*Also serve the statutory agent*    :
                           :
CT Corporation System      :
1300 East Ninth Street       :
Cleveland, Ohio 44114       :
                           :
-and-                           :
                           :
Penn National Gaming Inc.     :
C/O CT Corporation System    :
1300 East Ninth Street       :
Cleveland, Ohio 44114       :
                           :

           Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Camilla Perez (referred to herein as "Class Plaintiff"), individually and on behalf of other members of the general public similarly situated, for her complaint against Defendants Central Ohio Gaming Ventures, LLC ("COGV") and Penn National Gaming, Inc. ("PNG") (collectively COGV and PNG referred to herein as "Defendants"), hereby state as follows:

## I.      JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), and 28 U.S.C. §1331.

2.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3.  Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Class Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.      PARTIES

4.  The named Class Plaintiff, Camilla Perez, is an individual and United States citizen.

5.  The named Class Plaintiff is a resident of the State of Ohio.

6.  The Class Plaintiff started working for Defendants in 2012 and is still currently employed by Defendants.

7.  The Class Plaintiff worked in several hourly positions including buffet server, restaurant server, banquet event work, and working as a restaurant hostess.

8.  At all times relevant herein, The Class Plaintiff was an employee of Defendant as defined in the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

9. At all relevant times herein, the Class Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA, O.R.C. Chapter 4111 and Ohio Constitution Art. 2 §34a.

10. The Class Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA.  The Class Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b).  (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

11. Defendant COGV is an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

12. Defendant COGV is an Ohio limited liability company with its principal place of business in the Southern District of Ohio.

13. Defendant PNG is an "employer" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

14. Defendant PNG is a foreign corporation doing substantial business in the Southern District of Ohio.

15. Defendants were joint employers of the Class Plaintiff. Defendant COGV administered payroll for Defendants' employees. Defendant PNG owned and operated the Hollywood Casino Columbus ("HCC") and controlled all other aspects of the Class Plaintiff's employment.

16. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

17. Upon information and belief, Defendants jointly set and enforce the payroll practices for their employees.

18. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

19. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

## III.    CLASS ALLEGATIONS

20. The Class Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class.   The class includes all hourly employees, currently employed or employed at any time during the prior 3 years by Defendants, at HCC who worked over forty hours in any workweek but were not properly compensated under the FLSA.  This class consists of three subclasses: (a) employees who had .5 hours deducted from their compensable hours on their shifts for a meal break when Defendants knew or should have known that the employees continued to perform substantial duties for their employers' benefit during those meal breaks; (b) "tipped employees" who were paid an overtime rate that does not meet the requirements of the FLSA; and (c)  employees who worked in two or more positions with different rates of pay but whose "regular rate of pay" was unlawfully calculated pursuant to the FLSA.  These individuals are referred to as the "216(b) Class."

21. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Class Plaintiff, numerous SSP's have been denied proper overtime compensation due to Defendants' payroll policies and practices. The Class Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

22. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

23. The Class Plaintiff brings her Ohio Minimum Fair Wage Standards Act ("MFWSA") claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other members of the following class: All non-exempt employees, currently or formerly employed by Defendants at the HCC, who worked over 40 hours in any workweek and who have not been paid in accordance with the provisions of the MFWSA as a result of Defendants' policies, including, but not limited to, those who have been damaged by Defendants' failure to pay overtime wages. The class includes:(a) any employee of Defendants at the HCC during the prior 3 years who worked over 40 hours in any workweek and had 0.5 hours subtracted from his/her compensable hours on his/her daily shifts for a meal break when Defendants knew that the employees continued to perform substantial duties for their employers' benefit during those meal breaks, and (b) any

employee of Defendants at the HCC during the prior 3 years whose overtime rate of pay was calculated in violation of the MFWSA. These individuals are referred to as the "Rule 23 Class."

24. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

25. The Class Plaintiff is a member of the Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

26. The Class Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

27. The Class Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he/she has undertaken to represent.

28. The Class Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

29. Questions of law and fact are common to the Rule 23 Class.

30. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

31. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

32. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Class predominate over questions affecting individual members

of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

33. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the MFWSA by failing to pay employees for hours worked in excess of forty hours per week due to an automatic 0.5 hour deduction for meal breaks each shift during which the employee performed substantial duties for his/her employers' benefit; (b) whether the deductions of 0.5 hours for a meal break regarded a time when the employee was relieved of his/her duties and permitted to eat an uninterrupted meal or instead a time when the employee was required to and did perform substantial duties for his/her employer and was permitted at most to grab a quick bite; (c) whether any or all of the Defendants willfully and/or fraudulently altered the payroll records of their employees to reduce the employees' normal hourly rate and overtime rate for hours worked over forty (40) so that the employee would be paid less than they were owed; (d) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (e) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute; (f) whether Defendants' violations of the MFWSA were knowing and willful; (g) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the named Class Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the MFWSA; and (g) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

34. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens

on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.    CAUSES OF ACTION**

<u>**FIRST CAUSE OF ACTION:**</u>
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. This claim is brought as part of a collective action by the Class Plaintiff on behalf of herself and other SSPs.

37. During the three years preceding the filing of this Complaint, Defendants employed the Class Plaintiff and other SSPs.

38. The Class Plaintiff and SSPs employment positions reflect a cross-section of all non-exempt employment positions used by Defendants within Ohio including food servers, cocktail and drink servers, cashier servers, hosts, bartenders, banquet staff, kitchen staff, and bar backs.

39. The Class Plaintiff and the SSPs were paid on an hourly basis when working in non-exempt positions.

40. Defendants knew or should have known of the overtime payment requirements of the FLSA.

41. During the past three years, Defendants have knowingly and willfully failed to pay the Class Plaintiff and the SSPs the overtime wages they were due.

42. As a direct and proximate result of Defendants' conduct, the Class Plaintiff and the SSPs have suffered and continue to suffer damages. The Class Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and all other SSPs.

## SECOND CAUSE OF ACTION:
## R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

43. All of the preceding paragraphs are realleged as if fully rewritten herein, specifically the factual allegations and support contained under the First Cause of Action.

44. This claim is brought under Ohio Law.

45. The Defendants' corporate policy of automatically deducting a meal break from each employee's shift, regardless of whether that meal break was taken or not, and regardless of whether the employee was required to perform her job duties during that meal break, resulted in unpaid overtime for the Rule 23 Class.

46. The Defendants' policy and method of calculating the overtime rate of pay for hourly employees resulted in unpaid overtime for the Rule 23 Class.

47. Defendants' repeated and knowing failure to pay overtime wages to the Class Plaintiff were violations of R.C. §4111.03 .

48. For Defendants' violations of R.C. §4111.03, the Class Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## V. PRAYER FOR RELIEF

WHEREFORE, as to the First and Second Causes of Action the Class Plaintiff and the SSPs, demand relief from Defendants as follows: An award against Defendants in an amount equal

to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred by The Class Plaintiff and the SSPs for Defendants' violations, as well as equitable relief and a permanent injunction enjoining each Defendant from further violating the FLSA, R.C. 4111.03.

Respectfully submitted,

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Gregory R. Mansell (0085197)
MANSELL LAW LLC
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-610-4134
Fax: 513-826-9311
Email: greg.mansell@ohio-employmentlawyer.com

*Attorneys for Class Plaintiff Camilla Perez*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/  *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Coffman Legal, LLC