UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAMILLA PEREZ, et al**
**Individually and on behalf of other members**
**of the general public similarly situated; and**
**shannon shortridge, individually and on**
**behalf of other members of the general public**
**similarly situated;**

                **Plaintiffs,**

   v.

**CENTRAL OHIO GAMING VENTURES,**
**LLC,**

                **Defendant.**

Case No. 2:15-CV-02636-MHW
JUDGE MICHAEL H. WATSON
Magistrate Judge Jolson

## FINAL ORDER AND JUDGMENT
## APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS Representative Plaintiffs Camilla Perez and Shannon Shortridge and Defendant Central Ohio Gaming Ventures, LLC ("COGV") entered into a Confidential Class and Collective Action Settlement Agreement ("Settlement Agreement") on February 16, 2017, to resolve this class and collective action lawsuit ("Lawsuit");

WHEREAS the Court entered an Order dated February 17, 2017, preliminarily approving the Settlement consistent with the requirements of 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23, certifying a settlement class, ordering that notice be sent to all Collective and Class Members, scheduling a Final Approval Hearing, and providing Collective and Class Members with an opportunity to opt out of or object to the Settlement ("Preliminary Approval Order");

WHEREAS Representative Plaintiffs Camilla Perez and Shannon Shortridge and

1

COGV submitted Revised Notices of Class/Collective Action Lawsuit Settlement ("Revised Notices") for Court approval, and the Court approved said Revised Notices on March 6, 2017;

WHEREAS the Court held a final approval hearing on June 12, 2017, to determine whether to give final approval to the proposed Settlement; and

WHEREAS the Court makes the following Findings of Fact and Conclusions of Law in support of the approval of the proposed Settlement.

NOW, THEREFORE, based on the submissions of the Parties, all prior proceedings in this action, and on the evidence and arguments presented at the Final Approval Hearing, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. <u>Incorporation of Other Documents</u>. This Final Order and Judgment Approving Class and Collective Action Settlement (the "Final Approval Order") incorporates herein the Settlement Agreement and Revised Notices. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2. <u>Jurisdiction</u>. Because adequate notice has been disseminated and all Collective and Class Members have been given the opportunity to opt out of the Settlement, the Court has personal jurisdiction with respect to the claims of all Collective and Class Members. The Court has subject matter jurisdiction over the Lawsuit, including jurisdiction to approve the proposed Settlement, grant final certification of a settlement class, and dismiss the Lawsuit.

3. <u>Final Class and Collective Action Certification</u>. A class is certified for settlement purposes only based on the Court's finding that the proposed settlement class satisfies all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

The "Settlement Class" consists of all employees who worked at the Hollywood Casino in Columbus, Ohio, as a Buffet Server, Buffet Busser/Runner, Buffet Host/Hostess, Steakhouse Server, Steakhouse Host/Hostess, Steakhouse Bartender, Steakhouse Busser, Banquet Attendant, OH Lounge Server, OH Lounge Host/Hostess, OH Lounge Busser, Beverage and Floor Department Bartender, Beverage and Floor Department Barback, Beverage Server, Deli Department/Take 2 Food and Beverage Attendant, Slot Technician, Security Officer and/or EMT Officer as their primary and/or secondary job codes between July 22, 2012 and October 14, 2016. Representative Plaintiffs and members of the Settlement class who filed consents to join the Lawsuit pursuant to the Court's December 8, 2015 Order granting conditional certification pursuant to 29 U.S.C. § 216(b) are collectively referred to as "Collective Members." A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., is certified for settlement purposes consisting of all Collective Members and all other members of the Settlement Class who accept settlement payments under the terms of the Settlement Agreement.

4. <u>Adequacy of Representation</u>. Greg Mansell of Mansell Law, LLC and Matthew Coffman of Coffman Legal, LLC have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

5. <u>Class Representatives</u>. For purposes of settlement, the Court approves the Representative Plaintiffs, Camilla Perez and Shannon Shortridge, as the Class Representatives.

6. <u>Class Notice</u>. The Court finds that the Class Member Notice and Collective Member Notice and their distribution to the Settlement Class have been implemented pursuant to the Settlement Agreement and the Preliminary Approval Order and that they:

a. constitute the best practicable notice to Settlement Class Members under the circumstances of the Lawsuit;

b. constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Lawsuit; (ii) the terms and conditions of the Settlement and their rights under the Settlement; (iii) their right to exclude themselves from the Settlement Class and the proposed Settlement; (iv) their right to object to any aspect of the proposed Settlement; (v) their right to appear at the Final Approval Hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Settlement; and (vi) the binding effect of the Release set forth in the Settlement Agreement on all persons who did not request exclusion from the Settlement Class;

c. constitute notice that was reasonable, adequate, and sufficient to all persons entitled to be provided notice;

d. constitute notice that fully satisfied Federal Rule of Civil Procedure 23 and due process; and

e. constitute notice that adequately informed members of the Settlement Class that the Settlement will have no binding effect upon individuals who opt out of the Settlement.

7. <u>Final Settlement Approval</u>. The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the Lawsuit. No person objected to the Settlement Agreement. The Settlement Agreement and all of its terms that are fully and finally approved are fair, reasonable, adequate, and in

the best interest of each of the Parties and the Settlement Class. The Settlement Agreement resolves a bona fide dispute under the FLSA and contains terms that further the purposes of the FLSA. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8. <u>Class Action Fairness Act</u>. All notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, et seq., have been complied with and there have been no objections from any state or federal officials regarding the Settlement Agreement.

9. <u>Binding Effect</u>. The terms of the Settlement Agreement, this Final Approval Order, and the judgment entry are binding on all members of the Settlement Class who did not opt out of the Settlement – as well as their heirs, executors, administrators, successors, and assigns – and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Lawsuit.

10. <u>Release and Exceptions</u>. Members of the Settlement Class who did not opt out of the Settlement shall be bound by the Release of Claims set forth in the Settlement Agreement as to all Released Parties. That Release of Claims is incorporated herein in all respects, and it is effective as of the date of this Final Approval Order. The Court expressly adopts all defined terms in the Settlement Agreement, including, but not limited to, the following definition of Settled Claims:

> any and all charges, claims, causes of action, actions, lawsuits, demands, demands for arbitration, complaints, liabilities, obligations, promises, agreements, rights, and controversies of any kind, whether known or unknown, for any remedies whatsoever, including monetary relief, injunctive relief, declaratory relief, equitable relief, damages, special damages, liquidated damages, wages, compensation, benefits, restitution,

5

disgorgement, attorneys' fees, costs, expenses, losses, debts, interest, penalties, civil penalties, and fines, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, which any Collective or Class Member has had, now has, or may have in the future against the Released Parties for any act occurring on or before the date on which preliminary approval of the settlement is granted by the Court relating to the payment of wages, hours worked, or based on the facts that were or reasonably could have been alleged in the Lawsuit, including, but not limited to, claims relating to wages, compensation, meal and rest periods (including missed, interrupted, untimely, unpaid, not provided, or noncompliant meal and/or rest periods), work performed off-the-clock, regular rate calculations, bag checks, bank deposits, hours worked, payments for hours worked, payments for overnight shifts, and all claims under the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, including claims based on the following categories of allegations: (1) COGV allegedly failed to pay employees time-and-a-half for every hour worked in excess of forty in one or more workweeks because of an automatic 0.5 hour deduction for a meal break when employees did not have a lunch; (2) COGV allegedly failed to pay employees who worked as tipped employees at an overtime rate that met the requirements of the FLSA in one or more workweeks; and (3) COGV allegedly failed to properly calculate the regular rate of pay in determining overtime rates for employees who worked in two or more positions with different rates of pay.

All such claims are hereby released by any member of the Settlement Class who did not opt out of the Settlement.

"Carved Out" Claims: Nothing in this Order will be deemed to be a release of any claims by Plaintiffs that were asserted as of October 14, 2016, in the case styled *Heather Betts, et al., v. Central Ohio Gaming Ventures* (Case No. 2:16-cv-373) (the "Betts Litigation") for any workweeks in which any Plaintiff (1) performed work in the following departments: back of the house food service, including cooks and stewards; valet, including cashiers and valets; and table games department and (2) did not perform work in any of the job codes set forth in the Collective and Class Member definition herein. Additionally, nothing in this Order will be deemed to be a release of the claims outlined in the Third and Fourth Causes of Action in the proposed Third Amended Complaint in the Litigation

(Dkt. 59-1 in the Litigation).

11. <u>Permanent Injunction</u>. Members of the Settlement Class who did not opt out of the Settlement are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the Settled Claims, except as related to the Carved Out Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Lawsuit and to protect and effectuate the Court's Final Approval Order.

12. <u>Enforcement of Settlement</u>. Nothing in this Final Approval Order shall preclude any action to enforce the terms of the Settlement Agreement.

13. <u>Settlement Payments</u>. COGV shall fund the Collective Member Settlement Fund and Class Member Settlement Fund as set forth in the Settlement Agreement. Those monies shall be distributed to members of the Settlement Class, who do not exclude themselves from the Settlement, on the terms provided in the Settlement Agreement.

14. <u>Attorney's Fees and Expenses</u>. Class Counsel are hereby awarded attorneys' fees and costs in the amount of $165,000. Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement Agreement. COGV shall not be required to pay for any other attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Representative Plaintiffs or Settlement Class, or incurred by the Representative Plaintiffs or Settlement, or any of them, in connection with the Lawsuit, the settlement of the Lawsuit, or the Settled Claims, except at it relates to the Carved Out Claims.

15. <u>Representative Plaintiffs Enhancement Payments</u>. The Court finds that Enhancement Payments to each of the Representative Plaintiffs in the amount of $3,500 to be paid by COGV to each of the Representative Plaintiffs for service and assistance to the Settlement Class in the Lawsuit is reasonable and appropriate. Such Enhancement Payments are to be paid pursuant to the conditions set forth in the Settlement Agreement.

16. <u>Settlement Administration Costs</u>. The Court finds that COGV shall pay all settlement administration costs incurred by the Claims Administrator pursuant to the conditions set forth in the Settlement Agreement.

17. <u>Modification of the Settlement Agreement</u>. The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of members of the Settlement Class under the Settlement Agreement.

18. <u>Retention of Jurisdiction</u>. The Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose, including, without limitation:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Lawsuit that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Approval Order;

    b. entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and permanently enjoining members of the Settlement Class from initiating or pursuing related proceedings, or to

ensure the fair and orderly administration of this settlement; and

      c.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

19.    <u>No Admissions</u>. Neither this Final Approval Order nor the Settlement Agreement are, may be construed as, or may be used as, an admission or concession: (a) by or against COGV of the validity of any claim or any actual or potential fault, wrongdoing, or liability or (b) by Representative Plaintiffs that the claims they have asserted in the Lawsuit lack merit. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to COGV's denials or defenses or an admission or concession as to the merits of Representative Plaintiffs' claims and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and the Settlement Agreement; provided, however, that this Final Approval Order and the Settlement Agreement may be filed in any action against or by COGV to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.    <u>Dismissal with Prejudice</u>. All claims in the Lawsuit are hereby dismissed with prejudice. No fees or costs shall be assessed against COGV, except as otherwise set forth herein.

IT IS SO ORDERED

Date: June 12, 2017

BY THE COURT:

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE